**Franklin L. SMITH, Superintendent, D.C. Public Schools, Plaintiff,**

**v.**

**Ernest HENSON, Denise Tucci, Cynthia Ford, Samuel Hinkle, Lupe McDowell, Hope Marindin, Thomas Gmuer, Gloria Said, Walter Hitchcock, Harold and Jannie Roher, Defendants.**

**Civ. A. No. 90–491 SSH.**

United States District Court, District of Columbia.

Feb. 27, 1992.

**44**

Nancy A. Neumann, Office of Corp. Counsel, Washington, D.C., for plaintiff.

Michael Jeffrey Eig, Matthew Barry Bogin, Bogin & Eig, Donna Lee Wulkan, Washington, D.C., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

This matter is before the Court on defendants' various motions to dismiss or, in the alternative, for summary judgment. On consideration of the entire record, the Court grants the defendants' motions.[1] "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56." Fed.R.Civ.P. 52(a). While the Court wishes to utilize that rule to avoid further delay in resolving the issues, largely in light of the multiplicity of parties the Court describes its holdings briefly.

Plaintiff, the Superintendent of the District of Columbia Public Schools (DCPS), filed this action seeking review of administrative decisions under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C.A. §§ 1400–1485 (1990 & Supp.1991). Defendants are the parents or guardians of minor, learning disabled children. Pursuant to the IDEA, DCPS placed and funded the child of each defendant at the Lab School, a private, special education school, for the 1988–89 academic year. The Lab School developed and implemented an Individual Educational Program (IEP) for each student as the IDEA requires. *Id.* §§ 1412(4), 1414(a)(5).

In June 1989, DCPS notified each defendant of its intention to change his or her child's placement. DCPS indicated that it would implement the IEPs developed at the Lab School at Buchanan Secondary School, which is public. The notices informed defendants of their statutory right to request a due process hearing to challenge the change in placement. The notice further provided that defendants had to exercise that right within 15 days and that DCPS would treat failure to respond within that time as a waiver of the right. The defendants each objected to the proposed placement at Buchanan. A due process hearing before an impartial hearing officer was held for each student.

The hearing officers found that DCPS failed to participate in developing the students' IEPs as required by applicable regulations.[2] Specifically, DCPS failed to ensure that a representative attended the students' IEP meetings at the Lab School. That procedural error rendered the IEPs invalid to serve as a basis for changing the students' placement. Therefore, the hearing officers did not allow DCPS to present evidence that Buchanan constituted an appropriate placement for each of the students under the IDEA. Plaintiff challenges the exclusion of its evidence at the due process hearings.[3] Plaintiff maintains that the hearing officers' conclusion that DCPS could not review the Lab School's IEPs and implement them at Buchanan was in error.[4]

---

1. Defendants' motions raise the same issues, therefore, the Court addresses them collectively.

2. Several different hearing officers conducted the hearings. The various officers reached virtually the same conclusions in each case.

3. Count one of the Second Amended Complaint alleges that the exclusion of evidence regarding Buchanan was in error.

4. Count two challenges the hearing officers' finding of a procedural error on this point. Count two does not apply to defendant Marin-

The hearing officers also found that the notice of the proposed change in placement violated the defendants' due process rights. The notice improperly imposed a 15–day time limit in which to request a due process hearing, although the IDEA and the applicable regulations do not provide for any time limit. DCPS claims that the hearing officers' findings on that point were in error because the officers did not determine whether the time limit prejudiced the defendants. Furthermore, DCPS claims that the notices complied with the applicable regulations.[5]

■ This action is moot with regard to defendants Ford, Hinkle, Gmuer, Said, Hitchcock, and Roher. Those defendants have graduated or no longer require special education. Therefore, the dispute is not capable of repetition yet evading review with regard to them. *Cf. Jenkins v. Squillacote*, 935 F.2d 303, 308 (D.C.Cir.1991). Accordingly, the Court grants the motion to dismiss with regard to those defendants.[6]

■ The motions to dismiss are granted as to the remaining defendants.[7] The hearing officers' conclusions were not improper, therefore plaintiff's complaint fails to state a claim for which relief may be granted.

Section 1414(a)(5) of the IDEA and the regulations contained in 34 C.F.R. 300.344 and 300.347(b)(2) require DCPS to attend IEP meetings conducted at private schools.[8] The hearing officers properly concluded that DCPS did not comply with the procedural safeguards of the IDEA when it failed to participate in developing the students' IEPs. That procedural defect rendered DCPS's IEP and its proposed placement invalid. *See Board of Education of the Hendrik Hudson School District v. Rowley*, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1985). The hearing officers did not err in excluding evidence regarding the appropriateness of placement at Buchanan. Accordingly, the Court grants defendants' motions to dismiss as to counts one and two.

■ The notices that DCPS sent to the defendants violated their due process rights under the IDEA. Plaintiff relies on *Leonard v. McKenzie*, 869 F.2d 1558 (D.C.Cir.1989), for the proposition that the hearing officer should have determined whether the notices caused any prejudice to the defendants' rights. In *Leonard*, DCPS inadvertently sent an inaccurate notice and then corrected its error within two weeks. *Id.* at 1562. The *Leonard* court stressed

din because the hearing officer found that a DCPS representative attended her IEP meeting.

5. The last two claims constitute counts three and four of the Second Amended Complaint respectively. Count three does not apply to defendant Tucci because the hearing officer made a specific finding of prejudice at his hearing.

6. The motion to dismiss for mootness is denied with regard to defendants Henson and Cooper whose children are currently seniors. It is unlikely that this dispute will recur between plaintiff and those defendants. Nevertheless, from the record it appears possible that the issues could recur if those defendants' children did not graduate. This action also may be moot with regard to defendant Marindin. *See Smith v. Roher*, No. 89–3258, 1991 WL 132545, at * 5 (D.D.C. July 10, 1991). However, Marindin has not raised the issue of mootness and the record on its face does not establish that the claim is moot as to her.

7. The dismissal on the merits applies in the alternative to the defendants dismissed for mootness.

8. Section 300.344(a) provides that the public agency, in this case DCPS, shall ensure that a representative of the agency attends each IEP meeting. 34 C.F.R. § 300.344(a)(1) (1989). The regulations require the agency to conduct a meeting to review each student's IEP at least once a year. *Id.* § 300.343(d). Before placing a child in a private school, the agency must conduct an IEP meeting. *Id.* § 300.347(a)(1). Once a child has been placed at a private school, "any meetings to review and revise the child's IEP may be initiated and conducted by the private school or facility at the discretion of the public agency." *Id.* § 300.347(b)(2). "If the private school or facility initiates and conducts these meetings, the public agency shall insure that the parents and an agency representative (i) Are involved in any decision about the child's [IEP]; and (ii) Agree to any proposed changes before those are implemented." *Id.* § 300.347(b)(2)(i) & (ii). Under the foregoing regulations, DCPS was required to have a representative attend the Lab School's IEP meetings for the students in this case.

that the mistake did not violate any procedural requirements and that it did not affect the parents' rights adversely. *Id.* at 1562 n. 3. In this case, the notices attempted to impose a time limit on the right to request a due process hearing that the IDEA and the regulations do not contain.[9] A misleading notice of that kind violates the procedural rights afforded by the IDEA regardless of any actual prejudice. The fact that the defendants in this case protected their rights by requesting a hearing does not obviate the violation. Other parents might be unaware of their right to request a hearing at any time and might not seek a hearing after 15 days based on the notice. Thus, the hearing officers did not err in finding that the notices violated defendants' due process rights without considering the question of prejudice. The Court grants defendants' motions to dismiss with regard to counts three and four.

Accordingly, it hereby is

ORDERED, that the defendants' motions to dismiss are granted.

SO ORDERED.

---

9. A time limit would not be entirely inconsistent with the requirement that "the parents or guardian shall have an *opportunity* for an impartial due process hearing." 20 U.S.C. § 1415(a)(2) (emphasis added). However, Congress did not impose an express time limit in the IDEA or specifically authorize one. If Congress intended to limit the right to request a due process hearing, it could have done so expressly. Accordingly, the Court concludes that Congress intended to grant parents the right to request a due process hearing at any time. The Court recognizes that there are reasons why DCPS would prefer to have a deadline for challenging its IEP decisions. Nevertheless, DCPS could not impose a deadline of its own accord under the statute.